## No. 715
### YOUNGSTOWN MUNI. RY. v. PATTERSON

Ohio Appeals, 7th Dist., Mahoning County
March 14, 1924

**829. NEGLIGENCE—Whether failure of a street car company to remove snow and ice from step of car during a trip is negligence is a question for the jury.**

FARR, J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages in Common Pleas, wherein Adolphus Patterson was plaintiff and the Youngstown Municipal Ry. was defendant. Patterson was a passenger on one of defendant's street cars and was injured when he slipped upon an ice-coated steps of the car and fell. The step of the car had been cleaned just before the trip began, and the ice on which Patterson slipped accumulated in a storm occurring on the trip. The trial court instructed the jury, "If you find from the evidence that there was ice upon these steps, and the ice was the proximate cause of plaintiff's falling, and the plaintiff is free from negligence, of course it would be then your duty to return a verdict for the plaintiff." Verdict was returned for Patterson for $6,650. The Ry. Co. prosecuted error to the Court of Appeals, which held:

Many cases hold a street car company is not liable for injuries to a passenger who slips upon the snow and ice accumulated during a storm upon a step after the car has started upon a trip. But, a better rule is that whether the failure to remove the snow and ice is negligence, is a question for the jury. The part of the court's charge above given was not corrected by other parts, and clearly was prejudicial error. Judgment reversed.

**Attorneys**—Kennedy, Manchester, Conroy & Ford, for Ry. Co.; Knealy, Metcalfe & Cannon, for Patterson; all of Youngstown.

---

## No. 716
### FEDERAL MORT. CO. v. LORAIN HOLDING CO. et

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5422.  June 23, 1924

**539. FIXTURES—Vault doors in a bank held to be part of realty and not removable as personal property.**

PER CURIAM.

### Epitomized Opinion
Published Only in Ohio Law Abstract

One, Thompson borrowed about $50,000 and constructed a building to be used for a bank. Vaults were built in the basement and upon the first floor, and the York Safe & Lock Co. put doors and time locks on the vaults. The Federal Mortgage Finance Co., which loaned Thompson the money and held mortgages on the building, brought this action to have the property sold. The York Safe & Lock Co. claimed the right to take the vault doors off on the theory that they never became a part of the realty. The common Pleas decided that the doors were a part of the realty, and the case was carried on appeal to the Court of Appeals which held:

The doors weighed tons and the evidence shows that at least one of the doors in order to be taken out, would have to be lowered to the basement, and the floor torn out. The doors were put there by the owner, were attached to and became a part of the building, and to permit the demolishing of the building, for the benefit of the Safe and Lock Co., would be without precedent in law. Decree for plaintiff.

**Attorneys**—Austin and Kirkbride, for Mortgage Co.; A. H. Fiebach, for Safe and Lock Co.; all of Youngstown.